**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JACQUELYN PRIDE,

      Plaintiff,

v.                                                   CASE NO.  4:14cv172-RH/CAS

MANAGEMENT & TRAINING
CORPORATION,

      Defendant.

_____/

**ORDER DENYING THE MOTION TO
COMPEL DOCUMENT PRODUCTION**

The plaintiff has moved to compel the defendant to produce requested

documents.  This order denies the motion because the requested documents are not

relevant to a party's claim or defense and, in any event, the burden of the discovery

would outweigh its benefit.

**I**

The defendant manages a state correctional facility.  The defendant

employed the plaintiff as a correctional officer and shift supervisor.  The defendant

decided to terminate the plaintiff for improperly providing an email to a

correctional officer the plaintiff supervised and for lying about having done so. But the plaintiff was allowed to resign in lieu of termination.

Florida Statutes § 943.139 requires a correctional officer's employing agency to notify a statutory commission that is part of the Florida Department of Law Enforcement, using a standard form, when the correctional officer's employment ends. The defendant reported that the plaintiff resigned in lieu of termination. The defendant reported further that the reason for the action was that the plaintiff violated the facility's policy. The defendant said the policy did not involve moral character.

The plaintiff filed this lawsuit asserting two claims. First, the plaintiff says the resignation was part of an enforceable agreement—a contract—and that the defendant's FDLE report breached the contract. Second, the plaintiff says the report was defamatory.

The defendant denies that the FDLE report violated any contract and denies that it was defamatory. And the defendant asserts, as one of eleven affirmative defenses, that the FDLE report was mandated by § 943.139, so that any agreement not to report would be illegal.

## II

The plaintiff served a request for document production. In paragraphs 5, 6, 7, and 14, the plaintiff sought, for each other correctional officer who resigned

from employment with the defendant in the prior three years, these materials: the

resignation letter, the officer's entire personnel file, the defendant's report to

FDLE, and any document showing any agreement to resign in lieu of termination.

The defendant objected, essentially asserting that the requested documents were

beyond the scope of discovery and that producing them would be unduly

burdensome.

Federal Rule of Civil Procedure 26(b)(1) limits discovery to "any

nonprivileged matter that is relevant to any party's claim or defense," unless, for

good cause, the court authorizes discovery of "any matter relevant to the subject

matter involved in the action."  Here there is no good cause to expand discovery

beyond matters relevant to a party's claim or defense.  And the requested

documents are not relevant to a claim or defense.

This is so because the issue on the plaintiff's claims is whether the parties

had an agreement prohibiting the defendant's report to FDLE and whether the

report was defamatory.  Whether the defendant entered an agreement with

someone else, or did or did not defame someone else, does not matter.  *Cf.* Fed. R.

Evid. 404(b)(1) (prohibiting introduction of a party's other acts to show the

person's character as proof that on an occasion at issue, the party acted in

accordance with the character).

The plaintiff says the documents are relevant to the affirmative defense asserting that any contract not to report would be illegal.  The plaintiff says that if the defendant failed to report other resignations in lieu of termination, it would show that § 943.139 does not require such reports.  But that is not so.  The law is properly determined by a court without regard to a party's conduct in other cases. So proof that the defendant did or did not report resignations of other officers will not show whether the law required it.  Proof that cars exceed 70 miles per hour on the interstate does not show it is legal.

If it were held that these requests were within the scope of discovery authorized by Rule 26(b)(1), I still would deny the motion to compel.  Under Rule 26(b)(2)(C)(iii), a district court must limit otherwise-permissible discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Here the likely benefit of this discovery would be close to zero.  The burden would be less than overwhelming but still great enough to easily outweigh the discovery's benefit.

III

Under Federal Rule of Civil Procedure 37(a)(5)(B), if a discovery motion is denied, the court "must" order the moving party or attorney or both to pay the

opposing party's attorney's fees, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust."  Unless these conditions are met, an award of sanctions is "mandatory."  *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)).  A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.  Here the plaintiff's position was substantially justified; reasonable people could differ on whether these materials should be produced.  This order therefore does not award attorney's fees.

IV

For these reasons,

IT IS ORDERED:

The plaintiff's motion to compel document production, ECF No. 8, is DENIED.

SO ORDERED on August 6, 2014.

s/Robert L. Hinkle
United States District Judge